No. 1369.—Coe, Shenehan & Dewitt v. Rocha, Becker & Co.—C. S. Samuel, Garnishee.

A judgment against a garnishee, rendered on a rule to show cause why he should not be condemned, on his answers filed, to pay the amount of plaintiff's demand, is erroneous, if the answers do not admit an indebtedness, and the rule contains no averment under which proof could be introduced, and no proof was introduced traversing the answers. In such a case the judgment against the garnishee will be reversed on appeal.

APPEAL from the Third District Court, parish of Orleans. *Fellowes*, J. *Hawes & Grant*, for plaintiffs and appellees. *Race, Foster & E. T. Merrick*, for garnishee, appellant.

WYLY, J. The plaintiffs, on their judgment and *fieri facias* against the defendants, instituted garnishment process against C. S. Samuel, and required him to answer certain interrogatories.

Subsequent to his answers thereto, the plaintiffs filed the following rule: " On motion of William Grant, attorney for plaintiffs in this case, and upon suggesting that C. S. Samuel, garnishee in said case, is liable as such on his answer filed therein, it is ordered that said Samuel do show cause on Tuesday, the fifteenth day of January, 1867, at 11 o'clock, A. M., why he should not be held liable, as garnishee, upon his answers filed, and be ordered to pay the full amount of plaintiffs' judgment in accordance with the law in such cases made and provided."

From a judgment for the full amount claimed against him in this rule, the garnishee, Samuel, has appealed.

It is unnecessary to notice the irregularities in this proceeding suggested by the counsel for the appellant, as an examination of the record satisfies us that on the merits the judgment against the garnishee was erroneous.

The answers do not admit an indebtedness to the defendants, and there is no averment in the rule under which proof could be introduced, and no proof was introduced traversing the answers. It was not averred or shown that the garnishee had answered untruly, or that his answers were evasive. Indeed, there was no evidence intro-

duced on the trial of the rule, as the record shows: "After hearing pleadings and argument of counsel of both parties, the court took the same under consideration." And in his decree, the judge declares: "The law being considered, and for the reasons orally assigned in open court, it is ordered," etc.

The judgment was erroneous.

It is therefore ordered that it be avoided and annulled, and that there be judgment in favor of C. S. Samuel, garnishee, and that the plaintiffs pay costs of both courts.